JUSTICE RICE
concurring in part and dissenting in part.
¶59 I concur with the Court on Issue 1 that the District Court correctly denied Jefferson’s motion to dismiss for lack of a speedy trial. I dissent from the Court’s decision on Issue 2, and conclude that Jefferson was not prejudiced by his counsel’s conduct nor were the criminal proceedings in this matter fundamentally unfair.
¶60 I agree with the Court’s conclusion that Jefferson satisfied the first prong of the Strickland test, namely, that Jefferson satisfied his burden of showing that his counsel’s performance fell below an objective standard of reasonableness by twice admitting to the jury that Jefferson’s conduct constituted felony assault. While this Court has repeatedly held that the trial record must adequately document a challenged act or omission and that the record available to this Court on appeal must afford sufficient understanding of the reasons for counsel’s act or omission to answer the threshold question of whether the alleged error expresses a trial strategy or tactical decision, see State v. Harris, 2001 MT 231, ¶ 21, 306 Mont. 525, ¶ 21, 36 P.3d 372, ¶ 21, I am in agreement with the Court that it is immaterial in this particular case what defense counsel’s rationale may have been in admitting Jefferson’s guilt to the offense of felony assault.
¶61 Defense counsel’s admission of Jefferson’s guilt of the offense in the rejected plea agreement left Jefferson in a position that could not possibly be any better than if Jefferson had followed through on the agreement and entered his Alford plea to the charge of felony assault. In other words, defense counsel’s admission nullified the purpose for which Jefferson rejected the plea agreement and requested a jury trial: risking conviction of a greater offense but potentially obtaining an acquittal or conviction of an offense less than felony assault. Under these facts, defense counsel’s admission of guilt cannot be considered sound trial strategy.
¶62 I conclude, however, that Jefferson failed to satisfy the second
*160 prong of the Strickland test, and thus, failed to demonstrate that he suffered prejudice from defense counsel’s actions. The second prong of the Strickland test examines the prejudicial impact of counsel’s errors, and required Jefferson to demonstrate the existence of a reasonable probability that the result of the proceedings would have been different absent defense counsel’s error in admitting Jefferson’s guilt to the charge of felony assault. Strickland, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 697-98; Strickler v. Greene (1999), 527 U.S. 263, 290-91, 119 S.Ct. 1936, 1952, 144 L.Ed.2d 286, 307. As clearly stated by the United States Supreme Court in Strickland, an error by counsel, “even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.” Strickland, 466 U.S. at 691, 104 S.Ct. at 2066, 80 L.Ed.2d at 696.
¶63 I understand the Court’s concern regarding defense counsel’s admission to the jury of Jefferson’s guilt to a lesser offense than that charged in the Information, as I share the same concern and agree that such admission falls below an objective standard of reasonableness. However, rather than engaging in an analysis of the second prong of the Strickland test, the Court bypasses the second prong and states in ¶ 54 that, “[rjather than contemplating the final result absent counsel’s conduct, the facts of this case require that we consider how the result of this case affected Jefferson’s right to deny guilt to any offense and to have the benefit of the bargain in the event he admitted guilt to a lesser offense.”
¶64 Strickland requires that a reviewing court also contemplate the final result to determine whether the defendant suffered prejudice, and the Court here is erroneously bypassing this requirement. In the instant case, Jefferson was ultimately convicted of a greater charge than that offered in the rejected plea agreement and a greater charge than the one admitted to by defense counsel. In light of Jefferson’s conviction of attempted deliberate homicide, Jefferson clearly did not “suffer the results of his counsel’s trial admission” that his conduct amounted to felony assault, and Jefferson failed to demonstrate that there existed a reasonable probability that the result of the proceedings would have been different absent defense counsel’s professionally unreasonable error. See Strickland, 466 U.S. at 694, 104 S.Ct. at 2088, 80 L.Ed.2d at 697-98; Strickler, 527 U.S. at 291, 119 S.Ct. at 1953, 144 L.Ed.2d at 308.
¶65 While the Court concludes that defense counsel’s admission of Jefferson’s guilt to felony assault rendered the proceedings *161 fundamentally unfair, thus precluding the need to contemplate the final result in light of defense counsel’s conduct, such conclusion amounts to a finding of “per se” prejudice in this circumstance. Such conclusion is unwarranted and inconsistent with United States Supreme Court precedent.
¶66 Initially, I note that it is elementary that no matter how uncontroverted the State’s evidence, the Montana and the United States Constitutions guarantee a defendant the right to have his guilt determined by a jury of his peers. See Article II, Sections 24 and 26, Montana Constitution; State v. DeVore, 1998 MT 340, ¶ 39, 292 Mont. 325, ¶ 39, 972 P.2d 816, ¶ 39 (overruled on other grounds); see also United States v. Mentz (6th Cir. 1988), 840 F.2d 315, 319 (“[t]he Sixth Amendment to the Constitution guarantees to a defendant the opportunity for a jury to decide guilt or innocence”) (citing Duncan v. Louisiana (1968), 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491). The decision to plead guilty or not guilty is reserved solely for the accused based on his or her intelligent and voluntary choice and waiver of numerous constitutional protections. See State v. Boucher, 2002 MT 114, ¶¶ 22-23, 309 Mont. 514, ¶¶ 22-23, 48 P.3d 21, ¶¶ 22-23; see also Wiley v. Sowders (6th Cir. 1981), 647 F.2d 642, 649-50 (“In those rare cases where counsel advises his client that the latter’s guilt should be admitted, the client’s knowing consent to such trial strategy must appear outside the presence of the jury on the trial record ....”) (citing Boykin v. Alabama (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274). “Similarly, an attorney may not admit his client’s guilt which is contrary to his client’s earlier entered plea of ‘not guilty’ unless the defendant unequivocally understands the consequences of the admission.” Wiley, 647 F.2d at 649 (citing Brookhart v. Janis (1966), 384 U.S. 1, 8, 86 S.Ct. 1245, 1249, 16 L.Ed.2d 314).
¶67 In Wiley, defense counsel, in closing argument, repeatedly and unequivocally admitted the guilt of both defendants to the offenses charged. Such admission runs counter to the constitutional right to effective assistance of counsel because the right to effective assistance “envisions counsel’s playing a role that is critical to the ability of the adversarial system to produce just results.” Strickland, 466 U.S. at 685, 104 S.Ct. at 2063, 80 L.Ed.2d at 692 (citations omitted). Defense counsel’s admission of guilt denied the defendant the right to have guilt or innocence decided by a jury. Further, as stated in Wiley, “[petitioner, in pleading not guilty, was entitled to have the issue of his guilt or innocence presented to the jury as an adversarial issue. Counsel’s complete concession of petitioner’s guilt nullified the *162 adversarial quality of this fundamental issue.” Wiley, 647 F.2d at 650.
¶ 68 The United States Supreme Court, in both Strickland and United States v. Cronic (1984), 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657, identified specific factual situations involving easily identifiable impairment of Sixth Amendment rights where prejudice is presinned because prejudice in such a situation is so likely that case-by-case inquiry into prejudice is not worth the cost. Strickland, 466 U.S. at 692, 104 S.Ct. at 2067, 80 L.Ed.2d at 696 (“prejudice is presumed when counsel is burdened by an actual conflict of interest”) (citation omitted); see also Cronic, 466 U.S. at 656-57, 104 S.Ct. at 2045-46, 80 L.Ed.2d at 666-67 (“When a true adversarial criminal trial has been conducted-even if defense counsel may have made demonstrable errors-the kind of testing envisioned by the Sixth Amendment has occurred. But if the process loses its character as a confrontation between adversaries, the constitutional guarantee is violated”).
¶69 Relying on Cronic and Strickland, the Illinois Supreme Court in People v. Hattery (Ill. 1985), 488 N.E.2d 513, held that a concession of a defendant’s guilt by defense counsel, thereby failing to subject the prosecution to the meaningful adversarial testing required by the Sixth Amendment, constitutes per se ineffective assistance of counsel abdicating the need to apply the Strickland test. Hattery, 488 N.E.2d at 518-19. The Court subsequently narrowly construed the Hattery holding in People v. Johnson (Ill. 1989), 538 N.E.2d 1118, to be more consistent with the language set forth by the United States Supreme Court in Cronic, to situations where defense counsel entirely failed to subject the prosecution’s case to meaningful adversarial testing, rather than simply to situations where defense counsel concedes to the defendant’s guilt. Johnson, 538 N.E.2d at 1125; see Cronic, 466 U.S. at 656-57, 104 S.Ct. at 2045-46, 80 L.Ed.2d at 666-67.
¶70 The present case is unlike Wiley or Hattery in that defense counsel for Jefferson did not admit Jefferson’s guilt to the offense charged in the Information, but admitted guilt to a lesser offense. Such admission to a lesser offense may not normally be of constitutional import, as defense counsel must often work with facts to which there is no bona fide defense, and neither the Sixth Amendment nor Article II, Section 24, require that counsel do what is impossible or unethical. Such admission, therefore, maybe an objectively reasonable tactical decision where defense counsel is presented with a factual situation which affords limited possible bona fide strategies, and where the best strategy may be to argue that the defendant is guilty of a lesser offense than that charged in the Information. Ostensibly, defense counsel may *163 do his or her client a disservice in such a situation by attempting to create a defense that does not exist. “At the same time [however], even when no theory of defense is available, if the decision to stand trial has been made, counsel must hold the prosecution to its heavy burden of proof beyond reasonable doubt. And, of course, even when there is a bona fide defense, counsel may still advise his client to plead guilty if that advice falls within the range of reasonable competence under the circumstances.” Cronic, 466 U.S. at n. 19, 104 S.Ct. at n. 19, 80 L.Ed.2d at n. 19.
¶71 Upon review of the trial transcript, it is clear that the State’s witnesses as well as Jefferson’s own testimony was very damaging to Jefferson’s case, and that defense counsel’s admission of guilt to the offense of felony assault was likely a tactical decision based upon the small amount of disputed testimony in Jefferson’s favor. Such assumption is especially likely considering defense counsel’s use of Jefferson’s candor to argue a strong case for Jefferson’s honesty in all of his testimony. The transcript reveals that the State presented strong evidence at trial that Jefferson hit Felicia and pointed his assault rifle at her while threatening to kill her. Jefferson himself not only did not deny doing these things, but admitted to the acts when he chose to testify.
¶72 Aside from admitting Jefferson’s guilt to the lesser offense of felony assault, Jefferson’s counsel also pursued an adversarial posture in an attempt to achieve just results, as guaranteed by Article II, Section 24, and the Sixth Amendment, when he attempted to refute the evidence that the gun was loaded by cross-examination of State witnesses and on direct with Jefferson’s testimony. Ostensibly, therefore, Jefferson’s counsel did not entirely fail to subject the prosecution’s case to meaningful adversarial testing, and there is, therefore, no “per se” ineffective assistance based upon defense counsel’s actions.
¶73 The record reveals that it was Jefferson’s own decision to reject the plea agreement and forgo entering an Alford plea to the offense of felony assault in an attempt to receive an acquittal or conviction of a lesser offense while exposing himself to the greater risk of conviction of attempted deliberate homicide. He does not dispute this intention on appeal. Had Jefferson been convicted of the offense admitted to by defense counsel, Jefferson would be arguing from a different vantage point. However, I find it significant that the jury convicted Jefferson of an offense greater than the felony assault admitted by defense counsel.
*164 ¶74 In ¶ 56, the Court states that there “would have been no reason for Jefferson to withdraw from the plea agreement for felony assault if he had been aware that his counsel would concede his guilt to that charge at trial.” This statement is more qualitative than objective. A truer statement would be that there would have been no “good” reason for Jefferson to withdraw from the plea agreement if he had been aware that his counsel would concede his guilt to felony assault at trial. The record does not reveal whether Jefferson was aware or unaware of defense counsel’s specific strategy to utilize Jefferson’s honesty, in admitting to the actions constituting the felony assault, to argue that Jefferson was also testifying honestly that the gun was unloaded when he pointed it at Felicia.
¶75 Regardless, whether Jefferson knew of defense counsel’s specific strategy and whether he had a good reason for agreeing to such strategy, is immaterial. Jefferson failed to meet his burden of demonstrating that the result of the trial would have been different but for defense counsel’s error. While the Court further states in ¶ 56 that “Jefferson would not have gone to trial at all if he had been aware that his counsel would admit he was guilty of felony assault and highlight evidence of that offense at trial,” such conclusion is something that we simply cannot know from the record before this Court. Concluding that Jefferson suffered prejudice as a result of defense counsel’s actions amounts to an unwarranted finding of per se prejudice.
¶76 I conclude, therefore, that defense counsel’s admission of guilt to the offense of felony assault does not warrant setting aside the judgment of the criminal proceeding, as the jury convicted Jefferson of a charge greater than that admitted to the jury by defense counsel. I further conclude that Jefferson has failed to demonstrate that, but for defense counsel's errors, there was a reasonable probability that the result of the trial would have been different. I would therefore hold that Jefferson has failed to satisfy the second prong of the Strickland test as properly applied, and would affirm his conviction.
CHIEF JUSTICE GRAY joins in the concurring and dissenting opinion of JUSTICE RICE.